UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF NEW HAMPSHIRE

<u>NAPOLI SHKOLNIK PLLC</u>

v.                                                                                    Docket No. _____

<u>ROBERT BONSIGNORE</u>

and

<u>BONSIGNORE TRIAL LAWYERS PLLC</u>

## **COMPLAINT**

### **Introduction**

Plaintiff Napoli Shkolnik PLLC brings this action against New Hampshire attorney Robert Bonsignore and Bonsignore Trial Lawyers PLLC for breach of contract and related equitable theories, seeking remedies for Bonsignore's refusal to carry out his obligations under a co-counsel agreement to prosecute claims on behalf of certain New England communities in complex national litigation against manufacturers and distributors of opioid pharmaceuticals.

### **Jurisdiction and venue**

1.     This Court has subject matter jurisdiction pursuant to 28 USC § 1332 because there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds $75,000. Plaintiff is a citizen of New York and defendants are citizens of New Hampshire.

2.     Personal jurisdiction over defendants is proper as they are citizens of New Hampshire.  Venue is appropriate in this judicial district as defendants have conducted business in the state of New Hampshire and the dispute concerns litigation involving counties cities and towns in New Hampshire.

### **Parties**

3.     Plaintiff Napoli Shkolnik PLLC is a New York professional service limited liability company with principal offices at 360 Lexington Avenue, Eleventh Floor, New York, New York 10017.  The Napoli firm specializes in complex mass tort litigation throughout the United States.

4.      Defendant Robert Bonsignore is a New Hampshire attorney, admitted to the New Hampshire Bar in 2012.  Attorney Bonsignore practices law as a member and manager of Bonsignore Trial Lawyers PLLC, with offices at 193 Plummer Hill Road, Belmont New Hampshire 03220 and 5 Lancelot Court, Salem, New Hampshire 03079.

5.      Defendant Bonsignore Trial Lawyers PLLC is registered with the New Hampshire Secretary of State, though currently not in good standing.  The registered agent is Robert James Bonsignore, with an office and mailing address at 7 Lancelot Court, Salem, New Hampshire 03079.

## **Factual Allegations as to All Counts**

6.      Napoli Shkolnik is a national leader in complex mass litigation throughout the United States, regularly in association with local counsel in many jurisdictions.

7.      One of the leading law firms involved in national litigation against manufacturers and distributors of opioids (and other defendants), the Napoli firm was appointed to serve on the Plaintiffs Executive Committee and in addition represents more than two hundred clients in the MDL case (MDL 2804) administered by the Honorable Dan Polster in the Northern District of Ohio.  Most of that representation is done jointly with local counsel in most every state in the nation.

8.      As settlements are achieved with the underlying defendants, settlement funds are paid to the underlying plaintiff communities.

9.      Attorney fees are separately paid into an Attorney Fee Fund.  Forms are circulated to both "Contact Counsel" (in this case, Napoli Shkolnik) and Fee Interest Counsel (in this case, Bonsignore) for each of the plaintiff communities the two represent jointly.  After the forms are executed and returned to the Attorney Fee Fund, payment of the fees is made to Contact Counsel which then forwards a portion to Fee Interest Counsel based on their joint representation agreement.

10.     A contingent fee "Co-Counsel Agreement" (Exhibit 1) was executed by the parties to this action in which it was agreed that Plaintiff Napoli Shkolnik would receive 75% of the net fee payments and Defendant Bonsignore which would receive the remaining 25% of the fee.

11.     In dispute in this action are fees related to settlements in favor of twelve clients: two New Hampshire municipalities (Belmont and Claremont), nine New Hampshire counties (Belknap, Carroll, Cheshire, Coos, Grafton, Hillsborough, Rockingham, Strafford and Sullivan) and one city in Massachusetts (Fitchburg).

12. Settlements have been achieved in favor of all twelve of the clients noted above. Claims continue to be pursued against other defendants, including but not limited to opioid manufacturers (e.g. Purdue Pharma), distributors, pharmacies, and pharmacy benefit managers.

13. Contrary to the plain language of the Co-Counsel Agreement, Defendant Bonsignore has taken the position that he is entitled to 100% of the fee relating to all twelve clients.

14. Settlement funds have been received by the clients, but because Bonsignore objects to sharing the attorney fees in accordance with the Co-Counsel agreement, the attorney fee portion of the relevant settlement funds has not been distributed.

## COUNT I – BREACH OF CONTRACT – PROMISSORY ESTOPPEL

15. As alleged at paragraph 8 above, the parties entered into a binding Co-Counsel agreement that divided the net fees recovered as follows: 75% to Napoli Shkolnik; 25% to Robert Bonsignore;

16. An offer to jointly represent clients in certain states was made and accepted by the parties, as evidenced by the attached Co-Counsel contract (Exhibit 1). The parties, experienced in the practice of law and particularly in the law related to complex mass tort cases, promised to work on behalf of their joint clients and share in the fees earned, constituting consideration;

17. Despite their obligations of good faith and fair dealing, the Bonsignore Defendants have failed and refused to cooperate with the Plaintiff, thereby precluding the Plaintiff from obtaining the attorney fee earned;

18. The Co-Counsel agreement executed by the parties is clear and unambiguous;

19. Plaintiff reasonably relied on what it expected to be the Defendants' good faith in obtaining successful resolutions to the underlying cases, and completing the necessary administrative actions to obtain the fees earned;

20. Enforcing this promise is necessary to prevent an injustice as, to date, Defendants have prevented Plaintiff from obtaining the fees earned.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following relief from the Court:

A. a Declaration that Defendant is in breach of the Co-Counsel agreement as set forth hereinabove;

B. a Declaration that, in accordance with that agreement, Plaintiff is entitled to receive 75% of the fee obtained from settlement of the communities as to which the parties agreed to serve as co-counsel and Defendants are entitled to 25% of such fees (net after reimbursement to Plaintiff of costs advanced);

C. an Order requiring Defendant to execute the documents necessary to obtain from the MDL 2804 Attorney Fee Fund the release and disbursement of the associated fees;

D. any and all other appropriate Orders to obtain the fees that have not been distributed due to Defendants' refusal to carry out their responsibilities pursuant to the Co-Counsel agreement;

E. an award of attorney fees and costs, as provided by law, based on the Defendants bad faith, vexatious, wanton and oppressive conduct that caused Plaintiff to pursue this action;

F. an award of pre-judgment and post-judgment interest as provided by law, and

G. all such other and further relief, to the maximum extent allowed by the laws of the State of New Hampshire and the United States of America.

Date: May 20, 2025

Respectfully submitted,

Napoli Shkolnik PLLC

Through its Counsel

SLAWSKY LEGAL PLLC

/s/ David P. Slawsky
David P. Slawsky
NH Bar # 6591
395 Canal Street
Manchester, NH 03101
(603) 540-5838